OPINION
{¶ 1} Roger C. Korn appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment in favor of Thomas Mackey (deceased) and Roy Miller.
 {¶ 2} A review of the record reveals the following facts.
 {¶ 3} On April 6, 1999, Korn was involved in an automobile accident with Mackey on Troy Street near State Route 4. On April 5, 2001, Korn brought a negligence action against Mackey in the Montgomery County Court of Common Pleas. Korn v. Mackey,
Montgomery Case No. 01-CV-1751. Korn attempted service of Mackey via certified mail. The docket indicates that the certified mail receipt was signed by Roy Miller; however, Miller denies having been served with that complaint.
 {¶ 4} On May 3, 2001, defense counsel[1] filed a suggestion of death, indicating that Mackey had died on February 8, 2000. Defense counsel also corresponded with Korn's counsel, informing him that Mackey had died testate, that his wife had been the personal representative of the estate, and that the estate had been closed. Defense counsel also requested that Miller now be appointed the personal representative, as Mrs. Mackey was elderly. On July 5, 2001, Korn filed a motion to substitute Miller in place of Mackey, stating that Miller would be appointed the estate's representative for purposes of defending the lawsuit. Korn's motion also indicated that he had requested that defense counsel have Miller appointed in order to avoid a conflict of interest by his counsel. On September 1, 2001, Korn filed a supplemental memorandum in support of his motion to substitute, in which he indicated that he would make a motion for Miller to be appointed as the estate's representative within the next ten days.
 {¶ 5} According to Korn's submissions to the trial court, an application for authority to administer the estate was prepared by Korn's counsel and signed by Miller, and a fiduciary bond was obtained. Korn's attorney also prepared an application to reopen Mackey's estate, which contained a signed certificate of service to defense counsel dated December 21, 2001. However, the record reflects — and Korn concedes — that these documents were never filed in the probate court. See Montgomery Case No. 2000EST331811. Miller was never appointed as the personal representative of Mackey's estate by the probate court. The trial court never ruled on the motion for substitution.
 {¶ 6} On July 25, 2002, Jeffery Rezabek filed an application for authority to administer Mackey's estate, and he was appointed by the probate court on August 20, 2002. See Montgomery Case No. 2002EST340349. Rezabek accepted service of Korn's complaint on October 23, 2002. State Farm subsequently filed an answer on behalf of Mackey.
 {¶ 7} On December 5, 2002, the action was voluntarily dismissed without prejudice. (Around the same time, Korn also dismissed a separate negligence action against Chad Carpenter, with whom he had had an automobile accident on October 2, 1999.Korn v. Carpenter, Montgomery Case No. 01-CV-5397.) Mackey's estate was again closed on February 3, 2003.
 {¶ 8} On November 25, 2003, Korn filed the present action, alleging negligence claims against Mackey and Carpenter, arising out of the two 1999 automobile accidents. Korn v. Mackey,
Montgomery Case No. 03-CV-8589. Korn also named Miller as a defendant, alleging that Miller "was either appointed substitute fiduciary of the Estate of Thomas Mackey, or is willing to be for purposes of this suit."
 {¶ 9} On June 14, 2004, Mackey (with defense counsel acting on his behalf) and Miller moved for summary judgment. They argued that Korn had failed to amend his complaint in Case No. 01-CV-1751 to name Mackey's estate as a defendant and failed to serve the estate within one year of the filing of the lawsuit, as required by Civ.R. 3(A) and Civ.R. 25(A)(1). Thus, they argued that the statute of limitations barred Korn's claims arising out of the April 1999 accident. They further asserted that because Mackey was deceased, the claims against Mackey should be dismissed. Miller also argued that he was entitled to summary judgment in his individual capacity, because he was not involved in the April 6, 1999, accident. On September 1, 2004, the trial court granted the summary judgment motion and certified the order as immediately appealable.
 {¶ 10} Korn raises one assignment of error on appeal.
 {¶ 11} "The trial court erred in granting the motion for summary judgment of defendants-appellees Thomas MacKey, deceased and Roy Miller because appellant Roger C. Korn had one year from the filing of the second lawsuit, which was filed on November 23, 2003, in which to cause service to be made on the fiduciary of the Estate of Thomas Mackey. Therefore, dismissing the lawsuit on September 1, 2004, before said one year had expired, was error."
 {¶ 12} In his assignment of error, Korn claims that the trial court erred in entering summary judgment against him on his claims against Mackey and Miller, because the time limitation for bringing suit against the estate of Thomas Mackey had not yet expired. We disagree.
 {¶ 13} Under Ohio law, a plaintiff must bring a personal injury action within two years from the date of injury. R.C.2305.10. An action is commenced by the filing of a complaint if service is made within one year from the date of filing upon a named defendant. Civ.R. 3(A). In other words, a personal injury plaintiff must file his claim within two years of the accrual of the cause of action and must serve a named defendant within one year of the filing date.
 {¶ 14} It is well-established that an action may only be brought against a person who actually or legally exists and thus has capacity to be sued. Baker v. McKnight (1983),4 Ohio St.3d 125, 127, 447 N.E.2d 104, quoting Barnhart v. Schultz (1978),53 Ohio St.2d 59, 372 N.E.2d 589 (overruled on other grounds). A decedent cannot be a party to an action. Id. Thus, where the plaintiff has named as the sole defendant a person who had died prior to the commencement of the action, the plaintiff must substitute the estate of the decedent for the deceased party. Under Civ.R. 3(A), the plaintiff has one year from the filing of the complaint to properly serve the estate in order to commence the action. Civ.R. 3(A); Baker, 4 Ohio St.3d at 129. As held inBaker:
 {¶ 15} "Where the requirements of Civ.R 15(C) for relation back are met, an otherwise timely complaint in negligence which designates as a sole defendant one who dies after the cause of action accrued but before the complaint was filed has met the requirements of the statute of limitations and commenced an action pursuant to Civ.R. 3(A), and such complaint may be amended to substitute an administrator of the deceased defendant's estate for the original defendant after the limitations period has expired, when service on the administrator is obtained within the one-year, post-filing period provided for in Civ.R. 3(A)."Baker, supra, at syllabus.
 {¶ 16} In the present case, Korn's cause of action accrued on April 6, 1999, when he was involved in the car accident with Mackey. Under the relevant statute of limitations, he was required to file suit by April 6, 2001. Korn's original action was brought on April 5, 2001, within that two-year period. However, he named Mackey, who was deceased and not a proper party, as the sole defendant. Under Baker, his action would be deemed within the statute of limitations, provided that he substituted the estate as the party-defendant in place of Mackey and served Mackey's estate within the one year period set forth in Civ.R. 3(A).
 {¶ 17} Korn did not satisfy these requirements. As noted by the trial court, although an application for authority to administer the estate was prepared for Miller and a fiduciary bond was obtained, neither of these documents was ever filed with the probate court. Consequently, Mackey's estate was not reopened prior to April 5, 2002; Miller was never appointed as administrator of Mackey's estate; and Miller was not served with Korn's original complaint as administrator of Mackey's estate. An administrator for Mackey's estate was not appointed until August 20, 2002, at which time Jeffery Rezabek was appointed in Montgomery Case No. 2002EST340349. Thus, as the trial court concluded, the appointment of and service upon an estate administrator did not occur within the one-year deadline for service upon the estate. As a result, Korn did not commence his action against Mackey's estate in accordance with Civ.R. 3(A), and thus he did not commence an action within the two year statute of limitations set forth in R.C. 2305.10.
 {¶ 18} Although he does not cite to R.C. 2305.19, the savings statute, Korn asserts that he had one year from the filing of his second complaint in which to serve the administrator of Mackey's estate. At the time at issue, R.C. 2305.19[2] provided:
 {¶ 19} "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. * * *"
 {¶ 20} Thus, in order for the savings statute to apply, the following requirements must be met: (1) the initial action must have been filed within the applicable statute of limitations, (2) the initial action must have been commenced or attempted to be commenced in accordance with Civ.R. 3(A), and (3) the action must have failed otherwise than on its merits after the statute of limitations had run. See Schneider v. Steinbrunner (Nov. 8, 1995), Montgomery App. No. 15257. "A voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a `failure otherwise than upon the merits,' for purposes of the savings statute." Wenzel v. AlCastrucci, Inc. (June 18, 1999), Montgomery App. No. 17485, citing Frysinger v. Leech (1987), 32 Ohio St.3d 38,512 N.E.2d 337, paragraph two of the syllabus. Because Korn did not commence an action against Mackey's estate on or before April 5, 2002, the pivotal issue for purposes of R.C. 2305.19 is whether he attempted to commence such an action.
 {¶ 21} "The savings statute is a remedial statute and is to be given a liberal construction to permit the decision of cases upon their merits rather than upon mere technicalities of procedure." Schneider, supra, citing Cero Realty Corp. v.American Manufacturers Mutual Ins. Co. (1960), 171 Ohio St. 82,167 N.E.2d 774.
 {¶ 22} As stated above, the savings statute applies to claims that had been dismissed otherwise than on the merits and after the running of the statute of limitations if there had been an attempt to commence the original action before it was terminated.Schneider, supra. R.C. 2305.19 "does not impose a due diligence requirement upon its attempted commencement alternative. Neither does it require a plaintiff whose efforts at service are unsuccessful to show good cause why service was not made, as Civ.R. 4(E) does." Id. Rather, "R.C. 2305.19 requires only that a Plaintiff has taken action to effect service on a defendant within the applicable limitations period according to one of the methods provided in the Civil Rules." Id.
 {¶ 23} In Sorrell v. Estate of Datko, 147 Ohio App.3d 319,2001-Ohio-3460, 770 N.E.2d 608, the Seventh District articulated when a plaintiff had attempted to commence an action for purposes of the savings statute when the action was brought against a deceased party. It stated:
 {¶ 24} "Ohio's saving statutes require that plaintiffs must meet a minimum threshold in order to save their claims, merely requiring a plaintiff attempt to commence an action. To do this, a plaintiff must demand service. However, a plaintiff cannot demand service upon a nonentity, creating the appearance that service is impossible. However, that demand is not moot if the named defendant is brought into existence within the year provided by Civ.R. 3(A). It is only when that defendant is brought into existence that the plaintiff's demand for service is no longer moot. A failure to ensure that the defendant exists within the year of the filing of the original complaint given by Civ.R. 3(A) is a failure that demonstrates a lack of the diligence required by the saving statute. It is paramount that when a plaintiff files a complaint against an estate, the estate must exist. If the estate does not exist when the complaint was filed, the plaintiff has one year from filing the complaint to force the establishment of an estate. Failure to do so means that plaintiff has not attempted to commence an action against the estate for the purposes of Ohio's saving statutes." Id. at 324; see also Whitt v. Hayes, Scioto App. No. 02CA2856, 2003-Ohio-2337.
 {¶ 25} In the case before us, Korn did not attempt to commence the action against Mackey's estate. Korn initially named Mackey, who was deceased, as the sole defendant and attempted to serve him. Because Mackey was a nonentity who could not be sued, that attempted service had no significance. Although Korn submitted numerous documents to the trial court which indicated his intent to reopen Mackey's estate and to have Miller appointed as the administrator of the estate, no meaningful action was taken in furtherance of that intent. The application and the fiduciary bond were never filed with the trial court, and no administrator was appointed within the allotted one year period under Civ.R. 3(A). Thus, there is no evidence that Korn made any timely attempt to force the reopening of the estate so that he could properly serve the personal representative in a timely fashion. Although Korn timely moved to substitute Miller for Mackey, this proposed substitution cannot serve as an attempt to make the estate a party in the absence of actually filing applications to reopen the estate and to appoint Miller as the administrator.
 {¶ 26} In sum, Korn neither commenced an action against Mackey's estate nor did he attempt to commence an action against the estate on or before April 5, 2002. Accordingly, he cannot avail himself of R.C. 2305.19. Thus, the trial court properly concluded that Korn's claim against the estate was beyond the statute of limitations and no longer valid. Because Mackey — who is deceased and not a proper party — remained the named defendant, the trial court properly dismissed the claims against him.
 {¶ 27} Miller asserts that the trial court properly granted summary judgment in his favor, because there are no viable claims against him. He indicates that Rezabek, not he, was appointed as the estate's administrator. Miller also provided evidence that he had no involvement with the car accident which precipitated this action. Korn emphasizes that the parties had agreed that Miller would act as the administrator of Mackey's estate.
 {¶ 28} We find no evidence to support any claims against Miller. The record indicates that Miller is not — and has never been — the administrator of Mackey's estate. In addition, there is no evidence that Miller was involved, in any way, in the April 1999 automobile accident. Thus, the trial court properly granted summary judgment in Miller's favor.
 {¶ 29} The assignment of error is overruled.
 {¶ 30} The judgment of the trial court will be affirmed.
Brogan, P.J. and Young, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Counsel has indicated that he was retained by State Farm Mutual Automobile Insurance Company, which had been the liability carrier for Mackey.
[2] R.C. 2305.19 was amended by Am. Sub. H.B. 161, effective May 31, 2004.