OPINION
{¶ 1} Dawn D. Wells and Danny Wells, plaintiffs-appellants, appeal from the judgment of the Franklin County Court of Common Pleas, in which the court granted summary judgment to Jay Michael, Administrator of the Estate of William D. Weate ("the estate"), defendant-appellee. The estate has filed a cross-appeal of the judgment.
 {¶ 2} On October 30, 2001, Ms. Wells was involved in a motor vehicle accident, in which William D. Weate ("Weate") struck her several times while she was exiting her vehicle in a parking lot, and Weate was attempting to park his car. Weate was insured by Nationwide Insurance Company ("Nationwide"). Weate died of natural causes on January 31, 2002, and, on September 27, 2002, his estate was closed. Appellants had no notice of Weate's death, despite discussions with Nationwide regarding the claim prior to and after Weate's death.
 {¶ 3} On October 21, 2003, appellants filed a complaint against Weate, alleging personal injury and loss of consortium. Service was attempted upon Weate but failed on November 13, 2003. Appellants faxed a copy of the complaint to Nationwide, which informed appellants that Weate had died. Weate's family refused to open the estate, but Nationwide offered to answer the complaint. On November 26, 2003, Nationwide filed an answer denying liability, asserting several defenses, and submitting a suggestion of death. Nationwide filed an amended answer on December 5, 2003. On February 20, 2004, appellants filed a notice of dismissal without prejudice and otherwise than on the merits pursuant to Civ.R. 41(A)(1).
 {¶ 4} On February 10, 2005, appellants were permitted to open Weate's estate, and, on February 11, 2005, appellants filed a complaint in the present case against the estate, alleging the same claims as in the October 2003 complaint. The estate was served with the complaint on February 22, 2005, and filed an answer on March 3, 2005.
 {¶ 5} On May 2, 2005, the estate filed a motion for summary judgment, alleging appellants' claims were barred by the statute of limitations. The estate filed a second motion for summary judgment on September 19, 2005, asserting appellants' claims were barred because they failed to file the action against the estate within one year of Weate's death pursuant to R.C. 2117.06. On November 8, 2005, the trial court issued a decision granting the estate's May 2005 motion for summary judgment, which it journalized on December 27, 2005. Appellants filed a notice of appeal, and the estate filed a notice of cross-appeal. Appellants assert the following assignments of error:
FIRST ASSIGNMENT OF ERROR: The Trial Court Improperly Granted Summary Judgment Based upon Applicable Statutes of Limitations As to Personal Injury Claims of Plaintiff-Appellant Dawn Wells[.]
SECOND ASSIGNMENT OF ERROR: The Trial Court Erroneously Granted Summary Judgment As to the Consortium Claim of Danny Wells[.]
The estate asserts the following assignments of error on cross-appeal:
1. It would be error for this Court to reverse Defendant's May 2, 2005 motion for summary judgment.
2. It would be error for this Court to reverse the December 1, 2005 judgment entry of the trial court when the Plaintiff failed to plead that this was a refiled case.
3. It would be error for this Court to find that filing a lawsuit against and attempting service upon a dead person is a commencement or an attempted commenced [sic] under Ohio's saving statute.
4. It would be error for this Court to find that Dawn D. Wells commenced a personal injury action against the estate of William D. Weate within two year[s] of the date of loss.
5. It would be error for this Court to apply Ohio's saving statu[t]e to Dawn D. Wells' personal injury action.
6. It was error for the trial court to deny Defendant's second motion for summary judgment.
7. It was error for the trial court to deny Defendant's second motion for summary judgment when the Plaintiffs failed to plead in their complaint that they were seeking a recover[y] from something other than the assets of William D. Weate's estate.
8. It was error for the trial court to deny Defendant's second motion for summary judgment when the Plaintiffs failed to sue the Defendant's insurer.
9. It was error for the trial court to deny Defendant's second motion for summary judgment when the Plaintiffs failed to timely [commence] a cause of action against William D. Weate's estate.
10. It was error for the trial court to deny Defendant's second motion for summary judgment when the Plaintiffs failed to timely make claim against the estate of William D. Weate.
11. It was error for the trial court to deny Defendant's second motion for summary judgment when the Plaintiffs failed to comply with R.C. 2117.06.
12. It was error for the trial court to deny Defendant's second motion for summary judgment when Danny Wells failed to timely make [a] claim against the estate of William D. Weate.
13. It was error for the trial court to deny Defendant's second motion for summary judgment when Danny Wells' consortium claim was subject to R.C. 2117.06.
 {¶ 6} Appellants argue in their first assignment of error that the trial court erred in granting summary judgment based upon the statute of limitations as to Ms. Wells' personal injury claims. When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v. The Lima News (1996),109 Ohio App.3d 408. Civ.R. 56(C) provides that, before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to the non-moving party. State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks,
supra.
 {¶ 7} In the present case, the trial court found Ms. Wells' action for personal injury was barred by the statute of limitations. Pursuant to R.C. 2305.10, a cause of action alleging bodily injury is governed by a two-year statute of limitations. As the present complaint was filed on February 11, 2005, and the cause of action arose on October 30, 2001, the complaint alleging personal injury on behalf of Ms. Wells was obviously filed outside of the two-year statute of limitations in R.C. 2305.10. However, R.C. 2305.03 provides that an exception to the two-year statute of limitations in R.C. 2305.10 is the "saving statute" contained in R.C. 2305.19(A). The version of R.C. 2305.19 in effect at the time appellants refiled their February 11, 2005 complaint provided, in pertinent part:
(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. * * *
Appellants claimed below that R.C. 2305.19 applied to toll the statute of limitations, and, thus, the February 11, 2005 refiled complaint was timely. The trial court disagreed, finding that appellants' original October 21, 2003 complaint was never "commenced or attempted to be commenced" within the meaning of R.C. 2305.19 because service was attempted against a non-entity, i.e., a deceased person. We agree.
 {¶ 8} R.C. 2305.17 and Civ.R. 3(A) address the commencement of an action. R.C. 2305.17 provides that an action is commenced by filing a petition in the office of the clerk of the proper court with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year. Civ.R. 3(A) provides that a civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant. Neither of these provisions were met with regard to the present case. However, R.C. 2305.19 does not require that the action be commenced; only that it must be "attempted to be commenced." Thus, the issue herein is whether the failed service upon Weate constituted an attempt to commence the action.
 {¶ 9} As this court, as well as the Ohio Supreme Court, has held, a decedent may not be a party to an action. See Baker v.McKnight (1983), 4 Ohio St.3d 125, 127, and Sallach v. UnitedAirlines, Inc. (1997), 121 Ohio App.3d 89, 92. A party must actually or legally exist to be a party to a legal action.Baker, at 127. Thus, we must determine whether service upon a party that does not legally exist constitutes an attempt to commence an action within R.C. 2305.19. This precise issue was addressed by the Second District Court of Appeals in Korn v.Mackey, Montgomery App. No. 20727, 2005-Ohio-2768. In Korn,
Korn was involved in an accident with Mackey on April 6, 1999, and Mackey died in February 2000. Korn then brought a negligence action against Mackey on April 5, 2001. Korn attempted service of Mackey via certified mail, and certified mail was signed by Miller. Mackey's estate had already closed by the time of the filing of the complaint. Although Korn filed a motion to substitute Miller in place of Mackey, believing that Miller would be appointed the estate's representative, Miller was never appointed, and the trial court never ruled on the motion. On July 25, 2002, Rezabek filed an application for authority to administer Mackey's estate, and he was appointed by the probate court. Rezabek accepted service of Korn's complaint on October 23, 2002. On December 5, 2002, the action was voluntarily dismissed without prejudice, and Mackey's estate was closed on February 3, 2003.
 {¶ 10} On November 25, 2003, Korn filed another negligence action against Mackey and Miller, alleging that Miller was either appointed substitute fiduciary of the estate of Mackey, or was willing to be for purposes of the suit. Mackey's counsel and Miller moved for summary judgment, arguing that Korn failed to amend his April 2001 complaint to name Mackey's estate as a defendant and failed to serve the estate within one year of the filing of the lawsuit; thus, the statute of limitations barred Korn's claims. The trial court granted summary judgment to Miller and Mackey.
 {¶ 11} On appeal, the court held that, where the plaintiff has named as the defendant a person who died prior to the commencement of the action, the plaintiff must substitute the estate of the decedent for the deceased party and has, under Civ.R. 3(A), one year from the filing of the complaint to properly serve the estate in order to commence the action.Korn, at ¶ 14. The court concluded that Korn did bring the original cause of action against Mackey within the two-year statute of limitations, but, because Mackey did not legally exist and could not be a party to an action because he was deceased, Korn was required to substitute the estate as the defendant in place of Mackey and serve Mackey's estate within one year. Id., at ¶ 16. As Mackey's estate was not reopened prior to the expiration of the one-year period, and no administrator was appointed to Mackey's estate, service upon an estate administrator did not occur within the one-year deadline for service upon the estate. Id., at ¶ 17. As a result, Korn did not commence his action against Mackey's estate in accordance with Civ.R. 3(A), and, thus, he did not commence an action within the two-year statute of limitations set forth in R.C. 2305.10. Id., at ¶ 17.
 {¶ 12} The court also rejected Korn's contention that the saving statute in R.C. 2305.19 applied to his second complaint to render it timely. The court found that, because Mackey was a non-entity who could not be sued, the attempted service of the original complaint upon him had no significance, and he failed to force the reopening of the estate within one year. Korn, at ¶ 25. The court concluded that Korn neither commenced an action against Mackey's estate nor attempted to commence an action against the estate on or before April 5, 2002; thus, he could not avail himself of R.C. 2305.19.
 {¶ 13} In finding so, the court in Korn relied uponSorrell v. Estate of Datko (2001), 147 Ohio App.3d 319, in which the Seventh District Court of Appeals examined what constituted an attempt to commence an action for purposes of the saving statute when the action was brought against a deceased party. In that case, the plaintiff's estate filed an action against a deceased defendant personally and then one week later, after the expiration of the statute of limitations, filed an action against the defendant's estate, although no estate had yet been opened. An estate was not opened within one year of the filing of the complaint. The day after the statute of limitations expired, the plaintiff's estate dismissed the action, pursuant to Civ.R. 41(A)(1), and then refiled the action against the defendant's estate several months later. The trial court subsequently dismissed the refiled action as being filed beyond the statute of limitations. On appeal, the appellate court determined that Ohio's saving statutes do not apply to a plaintiff who has demanded service upon a non-entity. See id., at 324. The court in Datko stated that failure to ensure that the defendant exists within the year of the filing of the original complaint given by Civ.R. 3(A) is a failure that demonstrates a lack of the diligence required by the saving statute. Id. If the estate does not exist when the complaint is filed, the plaintiff has one year from filing the complaint to force the establishment of an estate. Id. Failure to do so means that the plaintiff has not attempted to commence an action against the estate for the purposes of Ohio's saving statutes. Id.
 {¶ 14} The reasoning in Korn and Sorrell is equally applicable to the present case. Here, the accident occurred on October 30, 2001, and appellants filed their complaint against Weate on October 21, 2003. Pursuant to Korn, appellants were required to substitute Weate's estate and serve it within one year from the filing of the complaint in order to commence the action. See Korn, at ¶ 14; Sorrell, at 324. As the estate was not reopened prior to the expiration of the one-year period and no administrator was appointed, service upon an estate administrator did not occur within the one-year limit. Accordingly, appellants did not commence the action against the estate in accordance with Civ.R. 3(A), and, thus, did not commence an action within the two-year statute of limitations set forth in R.C. 2305.10. Also, as explained in Korn, because Weate was deceased, appellants' attempted service upon him had no legal significance and could not be regarded as an attempt to commence the action. As appellants failed to commence or attempt to commence an action against the estate, they could not take advantage of the saving statute in R.C. 2305.19.
 {¶ 15} Appellants cite Heuser v. Crum (1972),31 Ohio St.2d 90, and Meinberg v. Glaser (1968), 14 Ohio St.2d 193, for the proposition that service upon a decedent's liability insurer is sufficient to commence the action against the estate; thus, their "service" of the original complaint upon Weate's insurer, Nationwide, within one year of the filing of the complaint rendered service proper within the statute of limitations. However, Heuser is easily distinguishable from the present case. In Heuser, the decedent's liability insurer was a named party in the action. As Nationwide was not a named party in the original complaint in the current case, any "service" of the complaint upon Nationwide is irrelevant. As for Meinberg, we fail to find any reference to this proposition urged by appellants in that decision. Therefore, we find appellants' reliance upon Heuser and Meinberg misplaced.
 {¶ 16} For the above reasons, we find the trial court did not err in finding Ms. Wells' action for personal injury was barred by the statute of limitations, and the estate was entitled to summary judgment in this regard. Appellants' first assignment of error is overruled.
 {¶ 17} Appellants argue in their second assignment of error that the trial court erred in granting summary judgment with respect to Mr. Wells' consortium claim. The trial court did not address Mr. Wells' claim separately from Ms. Wells' claims. When a person is injured to the extent that such person is no longer capable of giving love, affection, society, and comfort to his or her spouse, that spouse has suffered a direct and real personal loss. Clouston v. Remlinger Oldsmobile Cadillac, Inc. (1970),22 Ohio St.2d 65, 74. This loss results in a distinct cause of action for loss of consortium, separate from that of his or her spouse for injuries against the tortfeasor. Id., at 69. Thus, in the present case, that Ms. Wells' underlying personal injury claim has been extinguished based upon the failure to comply with the two-year statute of limitations does not extinguish Mr. Wells' derivative consortium claim, which is a separate and distinct cause of action guided by the four-year statute of limitations in R.C. 2305.09. See Bowen v. Kil-Kare, Inc.
(1992), 63 Ohio St.3d 84, 96 (Wright, J., concurring in part and dissenting in part) (a defense to the underlying action generally constitutes a defense to the loss-of-consortium claim, except in the narrow circumstance where the underlying tort claim is barred by a statute of limitations that is shorter than the statute of limitations for a loss-of-consortium claim); Breno v. City ofMentor, Cuyahoga App. No. 81861, 2003-Ohio-4051, at ¶ 38-39 (Kilbane, J., concurring in part and dissenting in part) (even though a defendant may use a technical, non-merit related defense, such as the statute of limitations, to bar a plaintiff's recovery in tort, such a defense does not bar a spouse's potential loss-of-consortium claim if the underlying tort is otherwise supported by sufficient evidence); Tabler v. Miller
(Dec. 4, 1990), Gallia App. No. 89 CA 27 (because the general statute of limitations for a personal injury action extinguishes only the remedy and not the right, consortium actions deriving from that right continue to exist despite the fact that the underlying personal injury action is barred by the statute of limitations). Therefore, because Ms. Wells' injury occurred on October 30, 2001, and Mr. Wells' loss-of-consortium claim was filed on February 11, 2005, his claim was ostensibly filed timely within the four-year statute of limitations.
 {¶ 18} However, the estate presents several assignments of error on cross-appeal where it is argued that Mr. Wells' claim was, nevertheless, filed outside the statute of limitations. We find none of them convincing. Before addressing the relevant assignments of error, we must first note that the estate lists 13 assignments of error in its statement of assignments of error presented for review but fails to present a separate argument containing its contentions with respect to each assignment of error, in contravention of App.R. 16(A)(7). This court may disregard an assignment of error presented for review if the party raising it fails to argue the assignment separately in the brief. See App.R. 12(A)(2). Pursuant to App.R. 12(A)(1)(b), this court is required to determine the appeal based upon the assignments of error set forth in the briefs under App.R. 16, and we sustain or overrule only assignments of error and not mere arguments. See State v. Fed. Ins. Co., Franklin App. No. 04AP-1350, 2005-Ohio-6807, at ¶ 7. Nevertheless, this court will align the arguments with the corresponding assignments of error and address those contentions pertinent to Mr. Wells' claim.
 {¶ 19} The estate argues in its seventh cross-assignment of error that appellants failed to allege or prove a cause of action against something other than the assets of the estate, and, thus, appellants' claims are barred by R.C. 2117.06. At the time of Weate's death, R.C. 2117.06(B) provided that all claims must be presented within one year after the death of the decedent. R.C.2117.06(C) provided that a claim that is not presented within one year after the death of the decedent shall be forever barred as to all parties. However, R.C. 2117.06(G) provided that nothing in R.C. 2117.06 was to be construed to reduce the periods of limitation in R.C. 2305, provided that no portion of any recovery on a claim brought pursuant to that section shall come from the assets of an estate unless the claim has been presented against the estate in accordance with R.C. 2117. Although appellants claim they are not seeking any recovery from the estate and only from Weate's insurer, which would appear to fall under the exception in R.C. 2117.06(G), the estate maintains that appellants were required to explicitly make this claim in their complaint, citing Meinberg, supra, at 200-201, as the sole authority for such proposition.
 {¶ 20} After reviewing Meinberg, we find it does not stand for the proposition suggested by the estate. Nowhere inMeinberg does the Ohio Supreme Court indicate that a plaintiff must allege in his or her complaint that it is seeking recovery from something other than the assets of the estate. Paragraph three of the syllabus in Meinberg indicates only:
Where it is alleged in an action for bodily injuries and property damage that such injuries and damage were proximately caused by the negligence of a decedent and that he had a policy of insurance insuring him against liability for such negligence and it does not appear that any other claims covered by such insurance have been asserted, such action may be brought against the executor or administrator of such decedent at any time within two years after the cause thereof arose without presenting a claim against the estate within the four-month time specified in Section 2117.06, Revised Code, or as provided in and within the nine-month time specified in Section 2117.07, Revised Code.
The above does not specify that either the allegation that the tortfeasor had a policy of insurance or that recovery is sought from only the insurance policy must be made in the plaintiff's complaint, and there is nothing elsewhere in Meinberg to suggest such. Indeed, in Meinberg, it appears that the plaintiffs did not make an allegation until their reply to the defendant's answer. Therefore, we find Meinberg unpersuasive to support the estate's contention.
 {¶ 21} Also, despite the estate's contention that this issue invokes due process notice rights, a review of the pleadings fails to reveal the estate did not have notice as to what assets were at risk. There is no allegation that the estate was surprised by appellants' pursuance of insurance proceeds, and clearly Nationwide was aware from the time of the first complaint that appellants sought recovery under the decedent's insurance policy. The estate also did not make any mention in either of its two motions for summary judgment that it was unaware that appellants were seeking damages under the decedent's insurance policy. Therefore, the estate's due process concerns appear unfounded.
 {¶ 22} It is also important to point out that the language employed by the legislature in R.C. 2117.06 gives no indication that it desired to impose a requirement that a plaintiff must indicate in her complaint that she was seeking recovery only from the decedent's insurer. The plain wording of R.C. 2117.06(G) merely provides that the usual statute of limitations included in R.C. 2305 is not reduced so long as no portion of the recovery on a claim brought pursuant to R.C. 2305 comes from the assets of the estate. R.C. 2117.06(G) makes no mention of including allegations of such in the complaint. If the legislature had desired to place such a burden upon the plaintiff in an action, it could have easily done so. This issue was touched upon inRussell v. Johnson (Sept. 16, 1977), Lucas App. No. L-76-319, in which the defendants claimed an action was barred under R.C.2117.06 and 2117.07, which was substantively the same as the current R.C. 2117.06(G), for failure to present the claim to the estate within the applicable period, and for failure of the plaintiffs to allege or claim "in the pleadings or somewhere in the record" that they were relying for recovery on their claim only from decedent's liability insurance and not from assets of his estate. The court in Russell rejected that argument, finding that the clear wording of R.C. 2117.07 required neither allegation nor proof by plaintiffs that they were seeking recovery only from the tortfeasor's liability insurance where the plaintiffs did not file a written claim, pursuant to R.C.2117.06, with the estate within the applicable period. The court stated it is "clearly apparent by a careful reading of" R.C.2117.07 that the only consequence of not filing a written claim, pursuant to R.C. 2117.06, with the estate is to bar recovery of any portion of plaintiffs' claim from the assets of the estate. In support of this reading, the appellate court cited the conclusion in Meinberg that R.C. 2117.07 (now R.C. 2117.06[G]) expresses "`a clear legislative intention'" and "`unmistakably specifies'" that nothing in R.C. 2117.06 or 2117.07 is to reduce that two-year time period within which such an action may be brought. Id., quoting Meinberg, at 197. Therefore, we find, here, appellants sufficiently alleged Weate had a policy of insurance insuring him against liability for his negligence and that they were seeking proceeds under such policy, so that Mr. Wells' action could be brought against the estate within four years after the cause thereof arose without presenting a claim against the estate within the period specified in R.C. 2117.06. The estate's seventh cross-assignment of error is overruled.
 {¶ 23} The estate argues in its eleventh, twelfth, and thirteenth cross-assignments of error that Mr. Wells was required by R.C. 2117.06 to present his consortium claim to the estate in writing within one year of the date of Weate's death. However, these assignments of error ignore the exception in R.C.2117.06(G), explained above, which provides that nothing in R.C.2117.06 is to be construed to reduce the periods of limitation in R.C. 2305, provided that no portion of any recovery on a claim brought pursuant to that section or any section in that chapter shall come from the assets of an estate unless the claim has been presented against the estate in accordance with R.C. 2117. As we have already found that appellants properly alleged that no portion of any recovery was to come from the assets of the estate, R.C. 2117.06(G) applies, and the estate's eleventh, twelfth, and thirteenth cross-assignments of error must be overruled. Because the remainder of the estate's cross-assignments of error are unrelated to Mr. Wells' claim for loss of consortium, they are moot. For these reasons, we find the estate's counterarguments unpersuasive and conclude that Mr. Wells' claim for loss of consortium was filed within the four-year statute of limitations for such actions. Appellants' second assignment of error is sustained.
 {¶ 24} Accordingly, appellants' first assignment of error is overruled; appellants' second assignment of error is sustained; the estate's seventh, eleventh, twelfth, and thirteenth cross-assignments of error are overruled; and the estate's remaining cross-assignments of error are moot. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment affirmed in part and reversed in part; causeremanded.
Bryant and Sadler, JJ., concur.