[Cite as *Schwartz v. O'Brien*, 2014-Ohio-4813.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100930**

**DARBY B. SCHWARTZ**

PLAINTIFF-APPELLEE
and CROSS-APPELLANT

vs.

**ANTHONY A. O'BRIEN**

DEFENDANT-APPELLANT
and CROSS-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-03-291463

**BEFORE:** Celebrezze, P.J., Jones, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** October 30, 2014

**ATTORNEY FOR APPELLANT**

Madelon Sprague
10250 Orchard Hill Lane
Twinsburg, Ohio   44087


**ATTORNEY FOR APPELLEE**

Edward W. Rausch
6300 Rockside Road
Suite 204
Independence, Ohio   44131

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant/cross-appellee, Anthony A. O'Brien, appeals the award of attorney fees and the increase of his child support obligation as a result of a motion to modify support filed by appellee/cross-appellant, Darby B. Schwartz.[1]  Appellant assigns the following errors:

I.  Whether or not the trial court abused its discretion and committed reversable [sic] error when it adopted the magistrate's decision, over the objection of appellant's counsel, that the proper foundation for admission of the Trinet payroll records and admission of same had been properly established, pursuant to Rule(s) of Evidence 803(6) and 901, which decision is contrary to law and against the manifest weight of the evidence.

II.  Whether or not the trial court abused its discretion and committed reversable [sic] error when it adopted the magistrate's decision attributing the Anthony J. Smith Company, Inc.'s income from Trinet to defendant/appellant thereby drastically increasing his child support obligation, without the proper foundation for such increase in child support.

III.  Whether or not the trial court abused its discretion and committed reversable [sic] error when it adopted the magistrate's decision increasing the child support obligation of the defendant/appellant without the supporting evidence to form the basis of said increase.

IV.  Whether or not the trial court abused its discretion and committed reversable [sic] error when it adopted the magistrate's decision which awarded the attorney fees of the plaintiff/appellee against the defendant/appellant in the sum of $9000.00 without establishing the proper foundation and law to support said award.

---

[1] Ms. Schwartz filed a cross-appeal taking issue with the amount of attorney fees awarded by the trial court and the decision of the court finding her objections to the magistrate's decision untimely filed (she argued the magistrate erred when it excluded evidence of fees incurred as a result of appellant's bankruptcy filings). She failed to separately prosecute this appeal by arguing the matter in her brief. App.R. 16.  Therefore, it will not be addressed. *Wells v. Michael*, 10th Dist. Franklin No. 05AP-1353, 2006-Ohio-5871, ¶ 18.

**{¶2}** The documents admitted and relied on by the lower court were sufficiently authenticated. Further, this court notes the findings of the magistrate that appellant's testimony was entirely self-serving and incredible. As the magistrate stated, "[t]he only consistent aspect of [appellant's] testimony was that he was committed to being non-responsive, untruthful and evasive — even upon questions from the Court!" The trial court in no way abused its discretion in adopting the magistrate's decision. Appellant and his attorneys should reflect seriously on their actions that brought the case to this point.

**{¶3}** We overrule appellant's assigned errors and adopt, in pertinent part, the well-reasoned decision of the trial court, journalized December 23, 2013, as our own.[2]

**{¶4}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Domestic Relations Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, SR., J., and
TIM McCORMACK, J., CONCUR

---

[2] Pages 1 through 4 of the 13-page Cuyahoga County Common Pleas Court Journal Entry dated December 23, 2013, are included in the appendix to this opinion. We have edited the trial court's opinion for the sole purpose of correcting any obvious typographical errors and including paragraph numbers. In all other respects, the trial court's opinion remains in its original form.

**APPENDIX**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| DARBY B. SCHWARTZ | ) | Case No.: DR03 291463 |
| | ) | |
| Plaintiff | ) | Judge: JANET RATH COLALUCA |
| | ) | |
| - vs - | ) | |
| | ) | |
| ANTHONY A. O'BRIEN | ) | **JUDGMENT ENTRY** |
| | ) | |
| Defendant | ) | |

**{¶5}** This matter came on for hearing on November 15, 2012, February 19-20, 2013, March 20-21, 2013, and April 5, 2013, before Magistrate Cathleen J. Chaney, to whom this matter was referred by the **Honorable JANET RATH COLALUCA, Judge of the Domestic Relations Division of the Court of Common Pleas**, upon Plaintiff's Motion to Modify Support (post-decree) #316314, Plaintiff's Motion for Attorney Fees #323552, Plaintiff's Motion to Strike #330569, 6th-Party Defendant's Motion to Set Aside Magistrate's Order #332975, 6th-Party Defendant's Motion to Set for Trial/Hearing #332976, Plaintiff's Motion to Compel #338246, and Plaintiff's Motion for Attorney Fees #338247. Appearances were made by Darby B. Schwartz, Plaintiff; Madelon Sprague, Plaintiff's Attorney; Anthony A. O'Brien, Defendant; Edward W. Rausch, Defendant's Attorney; and Anthony J. Smith, Attorney for 6th-Party Defendant, Kelly O'Brien. The parties provided their written closing arguments on April 5, 2013, and no testimony was taken on that day. The Official Court Reporter was Kathleen Kuznik.

**{¶6}** The Court hereby adopts the Magistrate's Decision filed July 3, 2013, in its entirety.

**IT IS HEREBY ORDERED:**

**AFTER CONSIDERATION OF THE PLEADINGS, MAGISTRATE'S DECISION, EXHIBITS, AND FULL TRANSCRIPT, DEFENDANT'S PRELIMINARY OBJECTIONS FILED ON JULY 17, 2013, AND SUPPLEMENTAL OBJECTIONS FILED ON AUGUST 28, 2013, AND PLAINTIFF'S PRELIMINARY OBJECTIONS FILED ON JULY 29, 2013, AND SUPPLEMENTAL OBJECTIONS FILED ON SEPTEMBER 11, 2013, ARE HEREBY OVERRULED, AND THE DECISION OF THE MAGISTRATE IS ADOPTED IN ITS ENTIRETY.**

{¶7} The Court makes the following findings with respect to Plaintiff's and Defendant's Objections to the Magistrate's Decision:

{¶8} Defendant asserts that the Magistrate erred in admitting certain payroll records, as the proper foundation for authenticating these records was not established. Specifically, Defendant claims that Mr. Jinks, the Glacial Energy employee called to authenticate these records, was not the "custodian of records" or other qualified witness under Evid.R. 901(B)(10) since the records were prepared by Trinet, a third-party payroll company utilized by Glacial Energy.

{¶9} Evid.R.[901](A) provides that authentication is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. A business record is authenticated as provided for in Evid.R. 803(6), which states that "[a] memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness."

{¶10} Defendant asserts that since the witness was an employee of Glacial Energy and the records were prepared by Trinet, the witness is not the custodian of records and does not have sufficient knowledge to authenticate these business records. Presentation of business records through the testimony of the custodian of the records is not the only option for authentication, however. Evid.R. 803(6) provides that the custodian of records or "other qualified witness" may properly authenticate a business record. A witness sufficiently familiar with the operation of the business can also present the business records. *State v. Davis*, 62 Ohio St.3d 326, 342-343, 581 N.E.2d 1362 (1991). The witness must be able to vouch, from personal knowledge of the record-keeping system, that such records were kept in the regular course of business. *Id*. at 342. The witness need not have personal knowledge of the creation of the particular record in question and need not have been in the employ of the company at the time the record was made. *Id*.

{¶11} Mr. Jinks testified that he is the "senior vice-president of channel partners sales" at Glacial Energy and that he was familiar with the procedure Glacial Energy used to pay commissions and salary. He further testified that he executed all of Defendant's employment agreements with Glacial. He further explained that Glacial Energy used a payroll company called Trinet to process and document the payment of salaries and commissions to Glacial employees, as well as other HR functions. Mr. Jinks clearly established that he was sufficiently familiar with the operation of the business and that he had personal knowledge of the record-keeping system Glacial used to pay commissions and salaries to its employees. As stated in *Davis, supra*, he need not have personal knowledge of the creation of the particular record in question, nor must he have been in the employ of the company when the record was made. Mr. Jinks's testimony provided sufficient evidence to support a finding that the payroll records

offered into evidence were what they purported to be. Defendant's first objection is hereby overruled.

**{¶12}** Defendant asserts in his second objection that the Magistrate erred in attributing to him as income commission income paid to the Anthony J. Smith Management Company by Glacial Energy. Defendant again asserted that the documentation of the commissions paid by Glacial Energy to the management company and to Mr. O'Brien were not properly authenticated, and thus the only verified income information available to the court for child support calculation purposes was his W-2 forms. As previously stated, however, Mr. Jinks's testimony was credible and provided sufficient evidence to authenticate the payroll records. The payroll records outlining the commissions paid to Mr. O'Brien match the deposits made into the Anthony J. Smith Management Company bank account. Mr. Jinks further testified that Defendant's commissions that he earned while employed at Glacial, as well as residual commissions he continues to receive after his resignation, were set up to be paid to the Anthony J. Smith Management Company on Defendant's behalf. Though Defendant testified to the contrary, the Magistrate specifically found Defendant's testimony not credible, and found Mr. Jinks to be the more credible witness. The trier of fact is in the best position to judge witness credibility, and the self-serving nature of Defendant's testimony further supports the finding that Mr. Jinks is the more credible witness. There is sufficient evidence to support the Magistrate's finding that these commissions should be attributed to Defendant as income. Defendant's second objection is hereby overruled.

**{¶13}** Defendant asserts in his third objection that the Magistrate erred in increasing the child support obligation to the extent increased, as Plaintiff did not establish that the children

could not maintain their standard of living on the support provided for a combined gross income of $150,000, and further that he is currently unemployed.

{¶14} In cases where the parties' combined income exceeds $150,000, R.C. 3119.04(B) provides that the amount of child support shall be determined on a case-by-case basis and shall consider the needs and the standard of living of the children. It further provides that the obligation shall be no less than guideline support for a combined income of $150,000 unless the court determines that it would be unjust, inappropriate, and not in the best interests of the child, obligor, and obligee. As the Magistrate stated in her decision, Ohio cases have consistently held that the appropriate standard for the amount of child support is "that amount necessary to maintain for the children the standard of living they would have enjoyed had the marriage continued." *Keating v. Keating*, [8th Dist. Cuyahoga No. 90611,] 2008-Ohio-5345. R.C. 3119.04(B) neither contains nor references any factors to guide the court's determination in setting the amount of child support; instead, the court must determine child support on a "case-by-case basis." When making a child support determination under R.C. 3119.04(B), the court must not only look to the standard of living of the child, but to that of the parents as well. R.C. 3119.04(B) "does not require any explanation of its decision unless it awards less than the amount awarded for combined incomes of $150,000." *Cyr v. Cyr*, [8th Dist. Cuyahoga] No. 84255, 2005-Ohio-504, at ¶ 25. Since the Court did not order support at less than the guideline amount for $150,000, no explanation of its decision is necessary. However, the Magistrate specifically considered the standard of living of the Obligor, citing evidence that he and his current wife live "quite lavishly." The Magistrate further noted Obligee's testimony that she is struggling to pay the medical expenses of the minor children and that all three children are involved in extracurricular activities with expenses totaling over $16,500 per year. Finally, the

Magistrate found that Defendant is voluntarily underemployed and that he should have income of $368,000 per year imputed to him. The evidence at trial supported this finding, as the testimony of Mr. Jinks established that Mr. O'Brien voluntarily resigned from his position with Glacial Energy when the reporting of his commissions became transparent and would be attributed to him as W-2 income rather than to the Anthony J. Smith Management Company. The evidence clearly supports the Magistrate's decision to award child support in an amount greater than guideline support for $150,000 combined income. The parties' children are entitled to enjoy the standard of living they would have enjoyed had the marriage continued. Defendant's third objection is hereby overruled.

{¶15} Defendant asserts in his fourth objection that the Magistrate erred in awarding the Plaintiff attorney fees in the amount of $9,000.

{¶16} Pursuant to R.C. 3109.05(C), when a party is found in contempt for failure to make support payments as ordered, the court *shall* require the person to pay any reasonable attorney fees of any adverse party, as determined by the court, that arose in relation to the act of contempt. (Emphasis added.) Though Defendant argues in his objection that Plaintiff did not comply with the manner in which she was to present the medical bills to Defendant for payment, the parties entered into an agreement finding Defendant in contempt for unpaid medical expenses. As such, this court properly required Defendant to pay the reasonable attorney fees Plaintiff incurred in the prosecution of her motion. Plaintiff's counsel offered testimony as to the amount and reasonableness of the fees, and the Magistrate had sufficient evidence to determine that such fees were reasonable. Defendant's fourth objection is hereby overruled.

* * *

/s/ JANET RATH COLALUCA