SORRELL, Admr., Appellant,

v.

ESTATE OF DATKO et al., Appellees.*

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 00 CO 15.

Decided Nov. 29, 2001.

---

* Reporter's Note: An appeal to the Supreme Court of Ohio was not allowed in (2002), 95 Ohio St.3d 1408, 765 N.E.2d 876.

Betras, Maruca & Kopp, LLC, and Brian P. Kopp, for appellant.

Harry A. Tipping and Christopher A. Tipping, for appellees.

DeGenaro, Judge.

{¶ 1}  This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court.  Appellant, Nathan Sorrell, administrator of the estate of Diann Kolich ("Kolich"), appeals the trial court's dismissal of his complaint against appellee, Estate of Michael C. Datko ("Datko"), pursuant to a motion for failure to state a claim.  The issue before us is whether the trial court erred by granting the motion to dismiss, stating that the case was not refiled within the provisions of the savings statute and beyond the applicable statute of limitations.  For the following reasons, we affirm the judgment of the trial court.

{¶ 2}  On August 25, 1996, Kolich was a passenger in an automobile driven by Datko.  While driving in Columbiana County, Datko veered left of center and struck a vehicle traveling in the opposite direction.  He was pronounced dead at the scene.  Kolich died at the hospital a short time later.

{¶ 3}  On August 25, 1998, the last day within the statute of limitations, Kolich initiated a wrongful death action against Datko personally as opposed to a putative estate.  Kolich then filed an amended complaint on September 1, 1998, substituting "The Estate of Michael Datko" as the named defendant.  On December 15, 1998, relying on the Ohio Supreme Court's decision in *Baker v. McKnight* (1983), 4 Ohio St.3d 125, 4 OBR 371, 447 N.E.2d 104, the trial court overruled Datko's motion to dismiss that was filed in the original action:

{¶ 4}  "The Plaintiff's Amended Complaint relates back to the original filing and brings the Complaint within the statute of limitations provided the Plaintiff obtains service on the Administrator of the Estate of Michael C. Datko within one year of the filing of the original Complaint.  The fact that the administrator does not exist does not halt this process.  Plaintiff can have an estate started to accept service of the process as long as that estate is opened and the process served on the estate is within one year of August 25, 1998 and the statute of limitations is met."

{¶ 5} The estate was not opened and Kolich did not obtain service of the amended complaint within one year of the date the original complaint was filed, which expired on August 25, 1999.

{¶ 6} On August 26, 1999, Kolich voluntarily dismissed the action pursuant to Civ.R. 41(A)(1) and refiled suit against Datko on December 8, 1999. On January 18, 2000, Datko filed a motion to dismiss, at which time an estate still had not been established. On February 8, 2000, the trial court granted Datko's motion to dismiss.

{¶ 7} Kolich's sole assignment of error argues:

{¶ 8} "The trial court erroneously granted defendant's/appellee's motion to dismiss where plaintiff/appellant voluntarily dismissed his original complaint and subsequently refiled within one year as required by R.C. 2305.19 (the Saving Statute)".

{¶ 9} We affirm the trial court's decision because we conclude that Kolich neither commenced nor attempted to commence an action as defined in R.C. 2305.19, therefore, the estate cannot avail itself of the saving statute.

{¶ 10} Kolich's complaint states causes of action for wrongful death and other torts. Two saving statutes, therefore, apply.

{¶ 11} "In every action for wrongful death commenced or attempted to be commenced within the time specified by section 2125.02 of the Revised Code, * * * if the plaintiff fails otherwise than upon the merits, and the time limited by such section for the commencement of such action has expired at the date of such * * * failure, the plaintiff or, if he dies and the cause of action survives, his representative may commence a new action within one year after such date." R.C. 2125.04.

{¶ 12} "In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date." R.C. 2305.19.

{¶ 13} Central to the resolution of this appeal is whether Kolich either commenced or attempted to commence the original action as contemplated by the savings statute. Otherwise, the refiled action is barred as it has been filed beyond the applicable statute of limitations.

{¶ 14} Civ.R. 3(A) provides:

{¶ 15} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or

"upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C) * * *."

{¶ 16} R.C. 2305.17 similarly defines "commencement," with the additional requirement that a praecipe be filed "demanding that summons issue." Clearly, Kolich did not commence an action against Datko as contemplated by R.C. 2305.19. Although the original complaint was filed within the applicable statute of limitations, an administrator of Datko's estate was not served within one year of filing the complaint as required by Civ.R. 3(A) and R.C. 2505.17.

{¶ 17} Under prior statutory and case law, the concepts "commence" and "attempt to commence" were deemed to be the same. The Ohio Supreme Court held in *Lash v. Miller* (1977), 50 Ohio St.2d 63, 4 O.O.3d 155, 362 N.E.2d 642, that an action is commenced or attempted to be commenced only when effective service of process is obtained. The issue in *Lash* was limited to whether an action had been commenced pursuant to Civ.R. 3(A) and makes no mention of the savings statute. Further, *Lash* relied upon *Mason v. Waters* (1966), 6 Ohio St.2d 212, 35 O.O.2d 337, 217 N.E.2d 213, where the court states that filing a complaint and demanding service does not constitute an attempt to commence. This decision was based on the interpretation of the former R.C. 2305.17, which defined an attempt to commence an action as equivalent to actually commencing an action.

{¶ 18} However, R.C. 2305.17 in its present form has taken out the language relied upon in *Mason* and simply says an action is commenced "by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year" and no longer mentions "attempt to commence." See Civ.R. 3(A). This leads us to conclude that "attempted to be commenced," as used in R.C. 2305.19, has a meaning other than commencement itself. This court is not the only court to recognize this change in law. See *Husarcik v. Levy* (Nov. 10, 1999), Cuyahoga App. No. 75114, 1999 WL 1024135; *Schneider v. Steinbrunner* (Nov. 8, 1995), Montgomery App. No. 15257, 1995 WL 737480.

{¶ 19} This conclusion is supported by the Ohio Supreme Court's most recent interpretation of the savings statute in *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 680 N.E.2d 997. In *Thomas,* the plaintiff's first case was dismissed for a failure to prosecute because she did not obtain service upon the defendant within the time provided by Civ.R. 4(E), which states a complaint may be dismissed if service has not been completed within six months after filing unless the plaintiff can show good cause why service was not made within that time. The plaintiff then refiled her complaint, and the defendant moved for summary judgment, arguing the prior dismissal was on the merits and, therefore, that the plaintiff

was not allowed to refile her case pursuant to R.C. 2305.19. The trial court agreed and granted the defendant's motion.

{¶ 20} The Supreme Court's decision deals mostly with whether a case dismissed for a lack of service pursuant to Civ.R. 41(B)(4) is dismissed other than upon the merits. After finding that such a dismissal is otherwise than on the merits, the court concluded that "since Thomas filed her initial complaint *and demanded service* before the two-year statute of limitations expired, and since the statute of limitations had subsequently expired, Thomas had one year * * * to refile her complaint. * * *." (Emphasis added.) Id. at 227, 680 N.E.2d 997. This leads to the conclusion that the Supreme Court would define "attempt to commence" for purposes of R.C. 2305.19 as filing a complaint and demanding service prior to the statute of limitations' expiration. This interpretation is consistent with *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.* (1995), 73 Ohio St.3d 391, 396, 653 N.E.2d 235, where the court held that the mere filing of a complaint does not constitute an attempted commencement of an action for purposes of R.C. 2125.04, as service is too vital a part of commencement of a lawsuit for a party to be deemed to have attempted commencement without even attempting service.

{¶ 21} This court followed *Thomas* in *Crisan v. Staffeld* (June 15, 2001), Mahoning App. No. 99 CA 280, 2001 WL 674215 In *Crisan* the plaintiff filed his complaint and demanded service via certified mail. The service failed, and the plaintiff was notified of that failure. The trial court later dismissed the plaintiff's case with prejudice for failure to prosecute pursuant to Civ.R. 4(E) because the plaintiff had not served the defendant. This court, following *Thomas*, concluded that the dismissal was otherwise than upon the merits and, therefore, the plaintiff "has one year * * * to commence a new action against" the defendant to comply with the savings statute. Therefore, this court's decision in *Crisan* also appears to interpret "attempt to commence" as filing a complaint and demanding service for purposes of R.C. 2035.19.

{¶ 22} Applying the rationale of *Thomas* and *Crisan* with the provisions of Civ.R. 3(A) and R.C. 2305.17, we explicitly hold that an action is attempted to be commenced, as contemplated by R.C. 2305.19, when a party files a complaint with the clerk of the court within the applicable statute of limitations and demands service on that complaint. A holding otherwise would "bel[y] the simple fact that the Supreme Court of Ohio has expressly permitted a plaintiff who failed to obtain service on a defendant to utilize the savings statute." *Husarcik* at 7–8.

{¶ 23} Of course, in this case a defendant to the original complaint never actually existed. Kolich initially sued Datko in his personal capacity. However, Datko was dead and, therefore, could not be served. Kolich then filed an amended complaint against Datko's estate, which did not yet exist and also could

not be served. Kolich had the opportunity to force the opening of an estate for Datko but failed to do so. In *Thomas* and the various cases from other districts which have dealt with an attempt to commence, the courts did not deal with the nonexistence of a defendant because the plaintiff sued a defendant which actually existed or was brought into existence. It is Kolich's failure to open an estate that is the key to understanding what the phrase "attempt to commence" entails and which makes this a case of first impression.

{¶ 24} Ohio's saving statutes require that plaintiffs must meet a minimum threshold in order to save their claims, merely requiring a plaintiff attempt to commence an action. To do this, a plaintiff must demand service. However, a plaintiff cannot demand service upon a nonentity, creating the appearance that service is impossible. However, that demand is not moot if the named defendant is brought into existence within the year provided by Civ.R. 3(A). It is only when that defendant is brought into existence that the plaintiff's demand for service is no longer moot. A failure to ensure that the defendant exists within the year of the filing of the original complaint given by Civ.R. 3(A) is a failure that demonstrates a lack of the diligence required by the saving statute. It is paramount that when a plaintiff files a complaint against an estate, the estate must exist. If the estate does not exist when the complaint was filed, the plaintiff has one year from filing the complaint to force the establishment of an estate. Failure to do so means that plaintiff has not attempted to commence an action against the estate for the purposes of Ohio's saving statutes.

{¶ 25} Pursuant to *Baker, supra* and its progeny, a plaintiff may name a nonentity in the original complaint, but still may be able to commence an action when the plaintiff files an amended complaint pursuant to Civ.R. 15(C) naming an entity which does exist as long as the plaintiff obtains service within a year. Our holding today does not clash with this line of cases because Civ.R. 15(C) concentrates on the filing of the complaint. It is not Kolich's filing which prevents reliance upon the saving statute. It is, rather, the lack of a valid demand of service that requires us to find that Kolich did not attempt to commence an action within the meaning of R.C. 2305.19. Quite simply, Kolich could have preserved his claim by forcing the opening of an estate and then filing his complaint. Instead, his filing was upon an entity that did not exist and therefore was invalid.

{¶ 26} Because we find that Kolich has failed to commence or attempt to commence an action against Datko within the statute of limitations, the estate cannot avail itself of the saving statute. Therefore, Kolich's assignment of error is meritless. The judgment of the trial court is affirmed.

Judgment affirmed.

VUKOVICH, P.J., and WAITE, J., concur.