DECISION AND JUDGMENT ENTRY
{¶ 1} In this negligence action, Henry Whitt appeals the Scioto County Common Pleas Court's order that granted Bobby Hayes' motion for summary judgment. In his motion, Hayes argued that Whitt could not take advantage of the savings statute, R.C. 2305.19, since he did not perfect service of his original complaint on the defendant. Hayes also argued that Whitt failed to bring the litigation against a proper party. Because the savings statute only requires that plaintiffs file a complaint and a demand for service in order to "attempt to commence an action", the trial court could not grant summary judgment on this issue. However, since there was no estate in existence at the time Whitt refiled the complaint, and thus no personal representative, he did not bring this litigation against a proper party. Thus, the trial court properly granted summary judgment.
 {¶ 2} On August 25, 1998, Henry Whitt was involved in an automobile accident with Doris Hayes. On August 25, 2000, Whitt filed a complaint with a demand for service on Ms. Hayes.[1] Whitt alleged that Ms. Hayes negligently operated her automobile, which caused him to suffer various injuries. However, on two separate occasions, Whitt was unable to perfect service on Ms. Hayes. Finally, in September or October 2001, Whitt learned that Ms. Hayes was deceased. With this information, on October 12, 2001, Whitt voluntarily dismissed his complaint under Civ.R. 41(A)(1).
 {¶ 3} On November 13, 2001, Whitt refiled his complaint under the savings statute, R.C. 2305.19, and requested service on Bobby Hayes, as the personal representative of Doris Hayes' estate. The next day, the clerk served Bobby Hayes with the complaint. However, Ms. Hayes' estate was not in existence at this time; therefore, Bobby Hayes was not the personal representative of her estate. Moreover, at no time did Whitt attempt to open an estate for Ms. Hayes and appoint a personal representative in order to properly serve the estate.
 {¶ 4} On June 21, 2002, Hayes filed a motion for summary judgment, which argued Whitt could not take advantage of the savings statute by refiling his complaint because he did not perfect service of his original complaint on Ms. Hayes and that Whitt failed to bring this case against a proper party. The court granted Hayes' motion without indicating which argument it found persuasive and dismissed Whitt's refiled complaint with prejudice. Following the dismissal, Whitt filed this appeal, assigning the following error: "The trial court erred in granting the defendant-appellee's motion for summary judgment and dismissing plaintiff-appellant's action."
 {¶ 5} We review a trial court's decision to grant summary judgment on a de novo basis. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241. We apply the same standard as the trial court, which is the standard contained in Civ.R. 56. Horsley v. Essman,145 Ohio App.3d 438, 442, 2001-Ohio-2557, 763 N.E.2d 245. Under Civ.R. 56(C), summary judgment is appropriate when: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, when viewed most strongly in favor of the non-moving party, that reasonable minds can come to a conclusion only in favor of the moving party. Grafton, supra. The burden of showing that no genuine issue exists as to any material fact falls upon the party requesting summary judgment, i.e., the "moving party." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798. If the moving party satisfies this burden, "the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Kulch v. Structural Fibers, Inc., 78 Ohio St.3d 134, 145,1997-Ohio-219, 677 N.E.2d 308, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 295, 662 N.E.2d 264.
 {¶ 6} In his assignment of error, Whitt argues the trial court erred as a matter of law in granting Hayes' motion for summary judgment because the savings statute, R.C. 2305.19, permitted him to refile his complaint even though he did not perfect service of his original complaint on Ms. Hayes.
 {¶ 7} Whitt filed his original complaint within the statute of limitations, but he did not perfect service of the complaint on Ms. Hayes. See R.C. 2305.10 (stating that a two-year statute of limitations exists for personal injury causes of action). Moreover, the two-year statute of limitations expired by the time Whitt refiled his complaint. Therefore, we must determine whether the savings statute required Whitt to perfect service of his original complaint before he could take advantage of it by reinstituting this action.
 {¶ 8} In order to make this determination, we examine the Revised Code and Rules of Civil Procedure. First, R.C. 2305.19 states in part: "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date." [Emphasis Added]. Thus, under R.C. 2305.19, a plaintiff may refile a complaint within one year of its dismissal so long as the plaintiff commenced or attempted to commence the action, the statute of limitations has run, and the complaint was dismissed "otherwise than on the merits." Further, R.C. 2305.17 and Civ.R. 3(A) address the commencement of an action. R.C. 2305.17 provides, "[a]n action is commenced within the meaning of sections 2305.03 to 2305.22 * * * by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year." Likewise, Civ.R. 3(A) provides, "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * * *." Thus, in order to commence an action, a plaintiff must file a complaint and serve the defendant with the complaint within a year of filing the complaint.
 {¶ 9} Here, both parties agree Whitt did not perfect service of his original complaint on Ms. Hayes within one year of filing it. Therefore, under R.C. 2305.17 and Civ.R. 3(A), he did not commence an action against Ms. Hayes. However, since R.C. 2305.19 also provides that Whitt may "attempt to commence" his action and still take advantage of the savings statute, we must determine whether he properly attempted to commence an action against Ms. Hayes.
 {¶ 10} The former version of R.C. 2305.17 provided, "an attempt to commence an action is equivalent to its commencement." Mason v. Waters
(1966), 6 Ohio St.2d 212, 214, 217 N.E.2d 213, quoting former R.C. 2305.17. See, also, Lash v. Miller (1977), 50 Ohio St.2d 63, 64, 362 N.E.2d 642
(relying on Mason, supra). Thus, under former R.C. 2305.17, plaintiffs were required to file a complaint and perfect service within a year of filing the complaint before they could take advantage of the savings statute. Mason, 6 Ohio St.2d 212, at paragraph one of the syllabus. However, the current version of R.C. 2305.17 does not provide a definition for "attempt to commence." In Thomas v. Freeman,79 Ohio St.3d 221, 227, 1997-Ohio-395, 680 N.E.2d 997, the Ohio Supreme Court implicitly recognized this change in the law.
 {¶ 11} In Thomas, the plaintiff filed a complaint within the statute of limitations and attempted service on the defendant. Id. But the plaintiff failed to perfect service on the defendant within one year of filing the complaint. Id. Later, because of the plaintiff's failure to perfect service, the trial court dismissed the complaint for lack of prosecution. Id. Within a year of the trial court's dismissal, the plaintiff utilized the savings statute by refiling her complaint and perfecting service on the defendant. Id. In addressing the applicability of the savings statute, the Ohio Supreme Court stated: "since Thomas filed her initial complaint and demanded service before the two-year statute of limitations expired, and since the statute of limitations had subsequently expired, Thomas had one year from July 14, 1992 [the date of the trial court's dismissal] to refile her complaint, which she did on July 8, 1993, approximately six days prior to the expiration of the savings statute allowance." Id.
 {¶ 12} Although the Court did not acknowledge its prior decisions in Lash and Mason, its holding in Thomas implicitly limited those decisions to the former version of R.C. 2305.17. Thus, under Thomas, plaintiffs may utilize the savings statute within one year of the dismissal of a complaint so long as the statute of limitations has expired, the plaintiff filed an original complaint with a proper demand for service on the defendant, and the complaint was dismissed "otherwise than on the merits." Thomas, 79 Ohio St.3d at 227.
 {¶ 13} Relying on Thomas, five Ohio appellate districts, have defined "attempt to commence" as filing a complaint and making a demand for service on the defendant within one year of filing the complaint. SeeSorrell v. Estate of Datko, 147 Ohio App.3d 319, 2001-Ohio-3460,770 N.E.2d 608, at ¶ 17-24; Shanahorn v. Sparks (June 29, 2000), Franklin App. No. 99AP-1340; Husarcik v. Levy (Nov. 10, 1999), Cuyahoga App. No. 75114; Frazier v. Owen (June 12, 1998), Hamilton App. No. C-970487; Dayringer v. City of Clyde (Nov. 21, 1997), Sandusky App. No. S-97-031. See, also, Schneider v. Steinbrunner (Nov. 8, 1995), Montgomery App. No. 15257 (holding that attempt to commence means filing a complaint and making a demand for service by relying on Goolsby v. AndersonConcrete Corp. (1991), 61 Ohio St.3d 549, 575 N.E.2d 801). Like our sister districts, we read Thomas as defining "attempt to commence" as filing a complaint and making a proper demand for service within a year of filing a complaint.
 {¶ 14} As the movant under Civ.R. 56, Hayes had the burden of submitting the facts relating to Whitt's original complaint in order to show that no genuine issue of material fact existed. Since Hayes did not carry his burden, Civ.R. 56(E) did not require Whitt to submit evidence. Nevertheless, Whitt's counsel submitted an affidavit, which stated that he filed the original complaint, dismissed it, and then refiled it. Therefore, Whitt created a genuine issue of material fact as to whether he attempted to commence his original complaint.
 {¶ 15} However, this does not mean the trial court erred in granting Hayes' motion for summary judgment. Hayes also argued the trial court should grant summary judgment because Whitt failed to bring this action against a proper party. Hayes reasons that he is not a proper party in his capacity as "personal representative" because no estate existed for Ms. Hayes when Whitt refiled the complaint and served him. Moreover, he argues that Whitt could have, but failed to force the opening of an estate for Ms. Hayes. Since the trial court's entry granting Hayes' motion for summary judgment did not provide its reasoning, we must consider whether this is a proper basis for summary judgment.
 {¶ 16} Generally, plaintiffs may file a complaint against an estate only if the estate exists at the time of filing. Sorrell v. Estateof Datko, 147 Ohio App.3d 319, 2001-Ohio-3460, 770 N.E.2d 608, at ¶ 24. However, if the estate does not exist when the plaintiff files the complaint, the plaintiff must force the opening of an estate within a year of filing the complaint. Id.
 {¶ 17} Here, Ms. Hayes was still alive when Whitt filed his original complaint against her but Whitt failed to perfect service on her. After learning that Ms. Hayes died, Whitt dismissed his claim and refiled it against Bobby Hayes, in his capacity as the personal representative of Ms. Hayes's Estate. However, Ms. Hayes' Estate was not in existence when Whitt refiled his complaint; therefore, Bobby Hayes could not be the personal representative of her estate. Thus, Whitt did not file his complaint against a proper party.
 {¶ 18} Whitt knew when he refiled his complaint under the savings statute that Ms. Hayes was deceased. However, he did not take independent steps to determine whether an estate existed. Rather, he relied upon an insurance adjuster's statement to that effect. Moreover, at no time did Whitt take steps to force the opening of Ms. Hayes' Estate despite the fact that he should have known that it was required. For example, even when faced with Hayes' motion for summary judgment, Whitt refused to force the opening of an estate. Instead, Whitt clung to the argument that he still had time to force the opening of an estate. Nevertheless, when the trial court granted Hayes' motion for summary judgment, no estate existed. Thus, when the trial court granted Hayes' motion for summary judgment, Hayes was not a proper party to the litigation due to Whitt's failure to force the opening of an estate.
 {¶ 19} Whitt contends that the doctrine of equitable estoppel precludes Hayes from arguing that he was not a proper party to this case. Whitt bases this argument on information provided to him by Ms. Hayes' insurance company, Travelers Insurance. Apparently, Travelers Insurance notified Whitt that Ms. Hayes was deceased and Bobby Hayes was the personal representative of her estate. Whitt argues he justifiably relied on this information from Travelers when he refiled his complaint naming Bobby Hayes as the defendant. Thus, Whitt argues Hayes should be estopped from claiming that he is not a proper party because an agent of Ms. Hayes' Estate, i.e., Travelers Insurance, informed him that Hayes was the personal representative. However, Whitt cannot claim justifiable reliance upon the representations of Travelers because Whitt has the affirmative duty to file a complaint against a proper party and perfect service against that party. See, Sorrell, 147 Ohio App.3d 319, at ¶ 24. Regardless of whether the insurance company was guilty of legal gamesmanship or simply was mistaken, Whitt should have verified the existence of the estate and the identity of the personal representative. If he found no estate to exist, he should have forced the creation of an estate, so that he could properly serve the personal representative. Because he named and served a non-existent party as the defendant, the trial court properly granted summary judgment. Consequently, Whitt's assignment of error is overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] Our record begins with the re-filing of Whitt's complaint on November 13, 2001. We assume his original complaint prayed for the same relief as his re-filed complaint. Moreover, since our record does not contain the proceedings involving his original complaint, we have based our factual background regarding the original complaint and its dismissal on Whitt's statement of facts, which Hayes does not dispute.