[Cite as *Allegretti v. York*, 2014-Ohio-4480.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101231**

## COLLEEN ALLEGRETTI

PLAINTIFF-APPELLANT

vs.

## RICHARD YORK, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-804768

**BEFORE:** McCormack, J., Keough, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 9, 2014

**ATTORNEYS FOR APPELLANT**

John A. Sivinski
David Mullen
Brian J. Smith
Sivinski & Smith L.L.C.
8905 Lake Avenue, 4th Floor
Cleveland, OH 44102


**ATTORNEYS FOR APPELLEE**

Christopher J. Ankuda
Karoline Maciak
Ankuda, Stadler & Moeller, Ltd.
1100 Superior Avenue East
Suite 1120
Cleveland, OH 44114

TIM McCORMACK, J.:

{¶1} Plaintiff-appellant, Colleen Allegretti, appeals the trial court's October 30, 2013 order dismissing her cause of action against defendant-appellee, Richard York ("Richard"), without prejudice for failure to prosecute. In her sole assignment of error, Allegretti claims that the court's dismissal was an abuse of discretion. For the reasons that follow, we dismiss Allegretti's appeal.

## Procedural History and Substantive Facts

{¶2} On April 12, 2013, Allegretti filed a complaint against Richard York and Tashia York ("Tashia") for negligence and negligent entrustment, respectively, arising from an automobile accident that allegedly occurred on or about May 3, 2011. Allegretti alleged in her complaint that Richard negligently operated a motor vehicle, causing it to strike the vehicle driven by Allegretti. She also alleged that Tashia, as title owner of the vehicle driven by Richard, negligently entrusted her vehicle to Richard. The record indicates that this complaint had not been previously filed and dismissed.

{¶3} Richard and Tashia were served the complaint by certified mail on April 22, 2013, to different addresses. Allegretti states that Richard was served at the address he provided in the police report on the date of the accident.[1] Service to Richard was

---

[1] Allegretti asserts in her brief that Richard provided a fictitious address to the responding officers, which was a different address than the address noted for the vehicle he was driving. Allegretti provides no evidence to support her assertion.

returned as failed on May 2, 2013, noting the address as "vacant." Service to Tashia was returned as failed on May 29, 2013, noting "refused."

{¶4} On three separate dates — June 20, July 31, and September 6 — the trial court held case management conferences during which the court advised Allegretti that pursuant to Civ.R. 4(E), failure to serve the defendants by October 12, 2013, will result in dismissal of her complaint without prejudice "for want of prosecution." On October 8, 2013, Allegretti filed a motion to extend time to find and serve defendant. On this date, Allegretti also requested the court to serve Tashia by ordinary mail and to serve Richard by certified mail to the address associated with Tashia and her vehicle.[2]

{¶5} In her motion for an extension of time, Allegretti provided an affidavit detailing the efforts she had made in attempting to locate Richard and Tashia. Allegretti claims that she had conducted property searches, tax record searches, online searches, and a request for information from the Ohio Bureau of Motor Vehicles. She does not, however, claim to have attempted any additional service on Richard after service on the initial complaint was attempted in April.

{¶6} On October 16, 2013, the court held another case management conference. It noted that service of Tashia by regular mail remains pending and, pending good service, Tashia would have until November 12, 2013, in which to respond to the complaint. Ordinary mail service on Tashia was obtained on October 18, 2013.

---

[2] This certified mail service on Richard would ultimately be returned as failed, noting "bad address."

**{¶7}** On October 30, 2013, the court denied Allegretti's motion for extension of time to find and serve the defendants, noting that she had failed to obtain service on Richard. The court stated as follows:

> The court finds plaintiff had ample time to serve defendant Richard York, and has failed to do so. Service was first attempted on * * * Richard York on April 22, 2013 via certified mail. Notice was sent to plaintiff's attorney on May 2, 2013 that service had failed. The court warned plaintiff of their failure to serve said defendant at three different times: 6/20/13, 7/31/13, and 9/6/13. [Plaintiff] however waited until October 8, 2013, four days before the Civ.R. 4(E) six month filing date, to file her motion for extension of time, and her instructions for service on Richard York. Therefore, plaintiff has failed to serve the defendant. Pursuant to this court's prior orders, and Civ.R. 4(E), this case is hereby dismissed without prejudice for want of prosecution as to defendant Richard York. Partial. * * *

**{¶8}** On November 8, 2013, counsel for Tashia answered the complaint and filed a notice of suggestion of death of Tashia. Thereafter, counsel for Tashia filed a motion for summary judgment, stating that Tashia had passed away on February 22, 2011, approximately two months prior to the accident that is the subject of the complaint. The court granted the unopposed motion and found that Tashia was entitled to judgment as a matter of law. Allegretti now appeals.

## Law and Analysis

**{¶9}** The trial court in this case dismissed Allegretti's cause of action against Richard without prejudice for failure to prosecute after Allegretti failed to obtain service on Richard within the time allotted by the civil rules. In a separate order, the court dismissed Allegretti's claims against Tashia. Allegretti, however, does not appeal the

court's decision regarding Tashia. Therefore, the judgment as to Richard is the sole issue in this appeal.

{¶10} In its journal entry, the trial court dismissed the complaint pursuant to Civ.R. 4(E) for lack of service and for failure to prosecute. Civ.R. 4(E) provides that a court may dismiss a cause of action sua sponte without prejudice where there is lack of service:

> If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

{¶11} Civ.R. 41(B)(1), on the other hand, permits a court to dismiss a cause of action without prejudice for failure to prosecute, stating that "[w]here the plaintiff fails to prosecute, * * * the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Regardless of whether the case was dismissed under Civ.R. 4(E), for lack of service, or Civ.R. 41(B)(1), for lack of

prosecution, the effect is a dismissal without prejudice. *Thomas v. Freeman*, 79 Ohio St.3d 221, 226, 680 N.E.2d 997 (1997).

{¶12} A court of appeals has jurisdiction to review final orders. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2505.03. An order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1).

{¶13} In order for this court to review the trial court's judgment, the appellant must demonstrate that, in the absence of immediate review of the order, it will be denied effective relief in the future. *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993), *modified on other grounds*, *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 635 N.E.2d 331 (1994). Therefore, where the party may refile or amend the complaint, the dismissal is not a final order. *Roche v. On Time Delivery Servs.*, 8th Dist. Cuyahoga No. 94036, 2010-Ohio-2358, ¶ 17.

{¶14} Generally, a dismissal without prejudice is not a final appealable order. *Lakeview Holding (Oh), L.L.C. v. Deberry*, 8th Dist. Cuyahoga No. 99033, 2013-Ohio-1457, ¶ 9, citing *Zimmie v. Zimmie*, 11 Ohio St.3d 94, 464 N.E.2d 142 (1984). Where the case is dismissed without prejudice (and otherwise than on the merits) pursuant to Civ. R. 41(B)(1), the parties are in the same position as if the complaint had never been filed, and therefore, there is no final determination of the rights of the parties and it does not constitute a final order under R.C. 2505.02. *Showe Mgmt. Corp. v. Adams*, 5th Dist. Licking No. 11CA124, 2012-Ohio-3214, ¶ 23; *Schmieg v. Ohio State*

*Dept. of Human Serv.*, 10th Dist. Franklin No. 00AP-561, 2000 Ohio App. LEXIS 5949 (Dec. 19, 2000).

{¶15} In certain instances, Ohio's savings statute, R.C. 2305.19, operates to "save" timely filed actions by permitting a party to refile its complaint or file a new action:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. * * *

And where a party has the ability to refile his or her claim in accordance with the time permitted by the savings statute, the trial court's dismissal without prejudice is not a final appealable order. *See Showe* at ¶ 25; *see also Johnson v. H&M Auto Serv.*, 10th Dist. Franklin No. 07AP-123, 2007-Ohio-5794.

{¶16} An action is "attempted to be commenced," for purposes of the savings statute, when a party files a complaint within the applicable statute of limitations and demands service on that complaint. *See Husarcik v. Levy*, 8th Dist. Cuyahoga No. 75114, 1999 Ohio App. LEXIS 5303 (Nov. 10, 1999) (finding that a plaintiff had attempted to commence his action when he filed a request for service by certified mail, but service was never perfected). A holding otherwise "belies the simple fact that the Supreme Court of Ohio has expressly permitted a plaintiff who failed to obtain service on a defendant to utilize the savings statute." *Id.* at *7-8, citing *Thomas*, 79 Ohio St.3d at 226, 680 N.E.2d 997; *see also Rossiter v. Smith*, 9th Dist. Wayne No. 12CA0023, 2012-Ohio-4434 (distinguishing between "commence" and "attempt to commence");

*Sorrell v. Estate of Datko*, 147 Ohio App.3d 319, 323, 2001-Ohio-3460, 770 N.E.2d 608 (7th Dist.).

{¶17} The savings statute contemplates the right of a party "to commence a new action within one year of a failure otherwise than on the merits." *Graf v. Cirino*, 8th Dist. Cuyahoga No. 96011, 2011-Ohio-3473, citing *Cero Realty Corp. v. Am. Mfrs. Ins. Co.*, 171 Ohio St. 82, 167 N.E.2d 774 (1960). A dismissal is "otherwise than on the merits" when the court dismisses a case for failure to obtain service or for failure to prosecute. *Thomas* at 228. And when a court dismisses a case for failure of service, "the plaintiff may utilize the savings statute to refile within one year, providing all other procedural requirements of the savings statute have been met." *Id.* The savings statute allows a party to refile a dismissed complaint "that would otherwise be time-barred." *Hamrick v. Ramalia*, 8th Dist. Cuyahoga No. 97385, 2012-Ohio-1953, ¶ 21, citing *Internatl. Periodical Distrib. v. Bizmart*, 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, ¶ 7; *Xudong v. Barrett*, 10th Dist. Franklin No. 10AP-1075, 2011-Ohio-3929, ¶ 12 (finding the savings statute available where an action has failed "otherwise than upon the merits" even after the applicable statute of limitations has expired).

{¶18} Where R.C. 2305.19 applies, the date for filing a new action relates back to the filing date for the preceding action for purposes of the statute of limitations. *Frysinger v. Leech*, 32 Ohio St.3d 38, 42, 512 N.E.2d 337 (1987). The savings statute therefore "serves to revive an action commenced before the statute of limitations has expired." *Johnson*, 10th Dist. Franklin No. 07AP-123, 2007-Ohio-5794, at ¶ 8.

**{¶19}** Here, Allegretti filed a complaint against Richard and Tashia on April 12, 2013, approximately three weeks before the expiration of the applicable statute of limitations. *See* R.C. 2305.10. Her complaint was therefore timely filed. Service of the complaint was attempted on April 22, 2013. And the record shows that this complaint had not been previously filed and dismissed.

**{¶20}** Additionally, this action failed "otherwise than upon the merits" when the trial court dismissed the case without prejudice on October 30, 2013. The trial court dismissed Allegretti's cause of action against Richard for failing to obtain service on Richard within the six months prescribed in Civ.R. 4(E). The court clearly stated in its order that the action was dismissed without prejudice. As previously discussed, a dismissal without prejudice for failure to serve is not a final appealable order because it is "otherwise than on its merits." The parties are in the same position had a complaint never been filed and, therefore, there has been no final determination of rights. Allegretti claims that the dismissal operated as a dismissal *with* prejudice, or an adjudication on the merits, because the statute of limitations has expired. However, she fails to provide any support for this argument or, more specifically, reasons why the savings statute could not be utilized in this case in order to permit the filing of a new action.

**{¶21}** Allegretti had not previously availed herself of the savings statute. *See Thomas*, 79 Ohio St.3d at 228, 680 N.E.2d 997 (the savings statute may only be used once to refile a case). Although, as Allegretti claims, the original statute of limitations has run

on her cause of action against Richard, it appears that the savings statute became available to permit a refiling of her claim within one year from her failure "otherwise than upon the merits," or in this case, the trial court's order of October 30, 2013, dismissing her complaint against Richard without prejudice. Therefore, because Allegretti had the ability to refile her claim within one year of the dismissal, the trial court's order of October 30, 2013, did not deny her effective relief in the future. Accordingly, the trial court's dismissal without prejudice is not a final appealable order. For this reason, this court is without jurisdiction to review Allegretti's assignment of error.

{¶22} However, even if the trial court's dismissal was a final order, it was not an abuse of the court's discretion to dismiss Allegretti's complaint against Richard without prejudice. The complaint was filed nearly two years after the alleged motor vehicle accident giving rise to the complaint. Prior to filing the motion for extension of time, Allegretti made only one attempt in almost six months to obtain service on Richard since the filing of the complaint. This service, attempted in April 2013, was the initial request for service of the complaint by certified mail. The court warned Allegretti on three occasions that failure to serve the defendants by October 12, 2013, would result in dismissal of her complaint without prejudice. As the trial court noted in its order, Allegretti waited until four days before the Civ.R. 4(E) six-month filing date to file her motion for extension of time and her instructions for service on Richard York. Until that time, she made no additional attempts to obtain service on Richard through any method of service available, such as certified mail, ordinary mail, or service by publication.

Although Allegretti claims to have made various efforts to ascertain Richard's whereabouts, it is entirely within the discretion of the trial court to determine that Allegretti's efforts were too little, too late.

**{¶23}** Based upon our foregoing analysis, this court lacks jurisdiction to hear this matter because the trial court's dismissal of Allegretti's complaint against Richard without prejudice is not a final appealable order.

**{¶24}** The appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR